# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In re:** | |
| GREG V. THOMASON and DIANA THOMASON, | **Bankruptcy Case No. 03-42400** |
| **Debtors.** | |

_____

| | |
|---|---|
| THOMASON FARMS, INC., et al., | |
| **Plaintiffs,** | **Adv. Proceeding Case No. 04-6134** |
| **vs.** | |
| GREG THOMASON and DIANA THOMASON, husband and wife, et al., | |
| **Defendants.** | |

_____

SUMMARY ORDER - 1

NEW BRITIAN INVESTORS,
LLC,

       **Counterclaimant/**
       **Cross-Claimant,**

**vs.**

THOMASON FARMS, INC.,
et al.,

       **Counter Defendants**
       **and Cross Defendants.**

_____

R. SAM HOPKINS, Trustee,

       **Counterclaimant/**
       **Cross-Claimant,**

**vs.**

THOMASON FARMS, INC.,
et al.,

       **Counter Defendants**
       **and Cross Defendants.**

_____

### SUMMARY ORDER

_____

SUMMARY ORDER - 2

Plaintiffs' attorney Jay Kohler filed a motion on June 26, 2006, to withdraw as counsel for Plaintiffs. Docket No. 151. A telephonic hearing concerning this motion was conducted by the Court on July 6, 2006. The Plaintiffs opposed Mr. Kohler's motion to withdraw contending they are happy with his services and want him to continue as their counsel, and that allowing his withdrawal at this stage of the litigation will severely prejudice them. None of the other parties to this action oppose the motion.

After considering the arguments of Mr. Kohler and Plaintiffs, the Court, in an exercise of its discretion, concludes Mr. Kohler's motion should be granted subject to certain conditions.

The parties will remember that trial of Plaintiffs' numerous claims was ordered bifurcated by the Court. The first trial phase, largely involving real and personal property disputes, has been concluded, and the Court has entered its decision, although no final judgment has yet been entered. Trial of phase two of this action, involving the dischargeability of Plaintiffs' debts allegedly owed them by Defendants Greg and Diana Thomason, is scheduled to occur on August 3, 2006 .

Mr. Kohler, by way of his Motion to Withdraw, Docket No. 151, has informed the Court that he believes that to continue on as Plaintiffs' counsel for

SUMMARY ORDER - 3

phase two of the trial would compel him to violate the ethical rules because he lacks a good faith belief that Plaintiffs' § 523(a) claims against Greg and Diana Thomason are supported by the law or facts. Mot. at 2, Docket No. 151. *See* Idaho Rule of Professional Conduct 3.1- Meritorious Claims and Contentions (providing, in part, that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.")  Mr. Kohler finds himself in this dilemma, he says, because he was not the attorney who originally represented Plaintiffs and drafted and filed their complaint in this action.  Now that he has examined the relevant facts and law, Mr. Kohler feels he should not pursue the § 523(a) claims.  Plaintiffs maintain that it was not until they received Mr. Kohler's motion that they first learned of any problems with their dischargeability action, and that it is their desire to have Mr. Kohler continue to represent them.[1]

After careful consideration of the issues and positions of the parties, the Court concludes that it should not require Mr. Kohler to represent Plaintiffs in phase two, the nondischargeability portion of the trial, in the face of his ethical

---

[1] Mr. Kohler also claims that Plaintiffs are not paying his fees.  Plaintiffs dispute this contention.  At this stage of the litigation, however, the Court would not recognize this alleged dispute as a proper basis for counsel's withdrawal, so it is not discussed further herein.

SUMMARY ORDER - 4

concerns, which to the Court, seem plausible.  Accordingly, for good cause, **IT IS**

**HEREBY ORDERED THAT:**

      1.  Attorney Jay Kohler's Motion to Withdraw as Plaintiffs' Counsel,

Docket No. 151, be and is hereby **GRANTED** *provided, however,* Mr. Kohler

shall continue represent and serve as attorney for Plaintiffs in this action in

connection with the finalization of all remaining issues raised during phase one of

the trial, including but not limited to, any issue concerning awards of attorney fees

and costs, and entry of a final judgment as to the claims raised in phase one.

      2.  Plaintiffs, **within 21 days of this order**, are hereby ordered and

directed to either appear through substitute counsel, or to file and serve a notice

that they will, as individuals, represent themselves.[2]  If Plaintiffs or any of them

fail to timely appear as required herein, such failure shall constitute sufficient

grounds for entry of default against Plaintiffs and for dismissal of Plaintiffs'

dischargeability actions against Defendants Greg and Diana Thomason without

further notice.  *See* Fed. R. Bankr. P. 7054; L.B.R. 9010.1(f)(2)–(3).

---

[2]  Plaintiff s are hereby reminded that, under this Court's rules, Thomason Farms,
Inc., as a corporation, may only be represented by an attorney who is a member of the
Bar of this Court.  *See* L.B.R. 9010.1 (e) (3).

SUMMARY ORDER - 5

3.  The second phase of the trial set for August 3, 2006 is hereby

**VACATED.**  Trial will be rescheduled, if necessary, after Plaintiffs appear either

through substitute counsel or in person.

4.  In an effort to expedite the conclusion of this litigation, a hearing

on all pending motions associated with the first phase of the trial, including any

pending requests for awards of attorney fees and costs, and any objections thereto,

is hereby set for **August 3, 2006, commencing at 1:30 p.m.** in Pocatello.

Dated: July 7, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

SUMMARY ORDER - 6