# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In re:** | |
| GREG V. THOMASON and DIANA THOMASON, | **Bankruptcy Case No. 03-42400-JDP** |
| **Debtors.** | |

_____

| | |
|---|---|
| THOMASON FARMS, INC., et al., | |
| **Plaintiffs,** | **Adv. Proceeding No. 04-6134-JDP** |
| vs. | |
| GREG THOMASON and DIANA THOMASON, husband and wife, et al., | |
| **Defendants.** | |

_____

| | |
|---|---|
| NEW BRITIAN INVESTORS, LLC, | |
| **Counterclaimant/ Cross-Claimant,** | |
| vs. | |
| THOMASON FARMS, INC., et al., | |
| **Counter Defendants and Cross Defendants.** | |

_____

MEMORANDUM OF DECISION - 1

|  |  |
|---|---|
| R. SAM HOPKINS, Trustee,<br><br>**Counterclaimant/<br>Cross-Claimant,**<br>vs.<br><br>THOMASON FARMS, INC., et al.,<br><br>**Counter Defendants<br>and Cross Defendants.** |  |

_____

### MEMORANDUM OF DECISION RE: TRUSTEE'S MOTION FOR ATTORNEY FEES AND COSTS

_____

**Appearances:**

    Jay A. Kohler, Idaho Falls, Idaho and John O. Avery, Idaho Falls, Idaho, Attorneys for Plaintiffs.

    Craig Christensen, Pocatello, Idaho, Attorney for Defendant New Britain Investors, LLC.

    Dan C. Dummar, Rexburg, Idaho, Attorney for Defendant William Forsberg.

    Monte Gray, Pocatello, Idaho, Attorney for Defendant R. Sam Hopkins.

After the final judgment was entered in this adversary proceeding on October 4, 2006, Docket No. 204, Defendant Chapter 7 Trustee, R. Sam Hopkins ("Trustee"), filed a motion requesting an award of attorney fees and costs.[1]

---

[1] Although the Court requested that fee applications concerning fees arising from "Phase 1" of the trial be filed after the Court's entry of the Memorandum Decision on

MEMORANDUM OF DECISION - 2

Docket No. 222–24. Trustee, asserting he is the prevailing party in this litigation, seeks to recover the attorney fees and costs he incurred from Plaintiffs. Plaintiffs objected to the fee request on multiple grounds. Docket No. 229. A hearing was conducted during which Trustee's attorney requested leave to file an amended Motion and Affidavit for Fees to address the concerns raised during the hearing. The request was granted and the amended documents were thereafter filed. Docket Nos. 237–238. No further response was received from Plaintiffs. Thus, the motion is ripe for disposition, and this Memorandum constitutes the Court's findings, conclusions and disposition of the issues. Fed. R. Bankr. P. 7052; 9014.[2]

**Factual Background**

Debtors Greg and Diana Thomason ("Debtors") filed for bankruptcy relief under chapter 13 of the Code on November 7, 2003 and converted their case to one under chapter 7 on March 8, 2004. Hopkins was appointed to serve as chapter 7 trustee.

On June 1, 2004, Plaintiffs filed an adversary complaint naming

---

June 9, 2006, Docket No. 138, pursuant to Local Rule 7054.1, a motion for an award of costs, including attorney fees, is not required until after entry of the final judgment. Considering the unique procedural status of this action, the Court deems the motion timely filed, as it complies with the Local Rules.

[2] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, in effect prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 3

Trustee as one of several defendants. Trustee filed his own adversary proceeding against Plaintiffs on September 23, 2004. The two actions were consolidated for trial and decision, and on October 4, 2006, a decision and final judgment resolving all issues was entered. Docket No. 204.

Plaintiffs and Trustee pursued various claims against one another. Plaintiffs claimed that Trustee, and through him, the Greg and Diana Thomason bankruptcy estate, held no enforceable interests in two parcels of real property known as the Agren and Teton Pastures properties. Plaintiffs also sought to enforce several liens they claimed had priority over the defendants' interests in the properties. They also claimed that Debtors' interest in the family farming corporation, Thomason Farms Inc's. ("TFI"), stock had been terminated before the bankruptcy filing.

Trustee asserted both state law and bankruptcy claims against Plaintiffs. Trustee sought to quiet title to a one-third interest in the Agren, Teton Pastures properties, and another parcel, Sonja's House. Trustee sought to avoid several liens and mortgages Plaintiffs had filed against the properties, and to avoid transfers of the properties they had orchestrated among themselves. Trustee also sought to avoid transfers of property made by the corporate entity, TFI, and to judicially dissolve TFI as a means of liquidating the bankruptcy estate's stock ownership interest in that company. Finally, Trustee, exercising his powers

MEMORANDUM OF DECISION - 4

pursuant to § 363(h), sought permission to sell the Agren and Teton Pastures properties free of the co-owners' interest.

After a lengthy trial, and entry of the Court's decision, Trustee now contends that he prevailed in the action, and that he is therefore entitled to an award of attorney fees pursuant to Idaho Code §§ 6-403 and 12-121, and costs pursuant to Idaho Code § 12-101. Docket No. 237. Trustee requests $37,201.50 in fees and $4,057.81 in costs.[3] Docket No. 238. Plaintiffs object, maintaining Trustee was not the prevailing party, and that even if he did prevail, there are no state law grounds to support an award of fees.

## Disposition

Although there is no general right to recover attorney fees from another party in connection with litigation under the Bankruptcy Code, "a prevailing party in a bankruptcy case may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Thomason Farms, Inc. v. Tri-River Chemical Co.* (*In re Thomason Farms, Inc.*), 02.2 I.B.C.R. 107, 108 (Bankr. D. Idaho 2002) (citing *Ford v. Baroff*, 105 F.2d 439, 441 (9th Cir. 1997)). In an action involving mixed bankruptcy and state law issues, "a bankruptcy court must conduct an issue-by-

---

[3] Trustee initially sought an award of $45,354.00 in attorney fees. Docket No. 223. However, Trustee reduced this amount apparently in response to Plaintiffs' objection that Trustee was seeking to recover fees unrelated to the actions involving these Plaintiffs.

MEMORANDUM OF DECISION - 5

issue inquiry and allocate an award of attorneys' fees 'solely to the extent they were incurred in litigating state law issues.'" *Hassen Imports P'ship. v. KWP Fin. VI, (In re Hassen Imports P'ship.)*, 256 B.R. 916, 921 (9th Cir. BAP 2000) (quoting *Renfrow v. Draper*, 232 F.3d 688, 694 (9th Cir. 2000)).

Under Idaho R. Civ. P. 54(e)(1), a prevailing party, as defined by Idaho R. Civ. P. 54(d)(1)(B), is entitled to attorney fees when such an award is provided by statute or contract. Therefore, the Court must determine what claims were governed by state law, and as to litigation of those actions, which party prevailed, in order to conclude an award of attorney fees is appropriate under the state statutes.[4]

### I.

The resolution of many of the issues in this adversary proceeding turned upon state law. For example, the Court applied state law in determining the ownership claims to the real property in dispute, the validity of the stock foreclosure, and to the ownership claims concerning the cattle. Trustee's avoidance claims brought under § 544 were each based upon state law regarding the status of various mortgages, lis pendens and liens. Because the Court's decision on these issues rested upon state law grounds, it may be proper to award attorney fees arising from litigating these issues pursuant to state law. *See* (*In re*

---

[4] Trustee has not argued there is any contractual basis for an award of attorney fees as against Plaintiffs.

MEMORANDUM OF DECISION - 6

*Bybee*), 945 F.2d 309, 315–16 (9th Cir. 1991) (concluding state law provided the rule of decision when Trustee sought to avoid a transfer pursuant to § 544(b) on the basis the transfer was fraudulent under Idaho law.)

However, Trustee's claim to sell real property free and clear of co-owners' interests pursuant to § 363(h) involved only questions of federal bankruptcy law. Therefore, the Court cannot award attorney fees and costs arising from litigation of that claim.

II.

To determine the prevailing party under state law the Court must, in its discretion, "consider the final judgment or result of the action in relation to the relief sought by the respective parties . . . and the extent to which each party prevailed upon each of such issue or claims." Idaho R. Civ. P. 54(d)(1)(B). Because the Rule "mandates an award of fees only to the party or parties who prevail 'in the action,'" the fact that a party is not successful on one claim is not fatal to a determination that the party is the prevailing party. *Israel v. Leachman*, 72 P.3d 864, 867 (Idaho 2003). Indeed, the Court may, in its discretion, conclude "that a party to an action prevailed in part and did not prevail in part." Idaho R. Civ. P. 54(d)(1)(B).

Given the numerous claims asserted by the parties, the Court will first look at the extent to which the Trustee was successful as to each state law

MEMORANDUM OF DECISION - 7

claim, and then weigh the overall success of each party to determine whether Trustee is a prevailing party as defined by state law.

Trustee prevailed in obtaining an interest in both the Agren and Teton Pastures properties. In addition, Trustee, with help from Defendants Greg and Diana Thomason, who were also parties to the action, succeeded in their effort to invalidate the prebankruptcy stock foreclosure of Greg's shares in TFI.

In contrast, Trustee was unsuccessful in his claim to establish an interest in Sonja Thomason's home and as to the cattle. Additionally, Trustee did not prevail on any of his avoidance claims. Finally, the Trustee cannot be said to have prevailed in his attempt to dissolve TFI because the Court concluded that such relief was more properly sought in state court, and not in this forum.

Although Trustee prevailed only in regard to certain claims he asserted, the issues surrounding the Agren and Teton Pastures properties and the alleged stock foreclosure procedure were some of the most significant in the litigation. All factors considered, including Trustee's relative success in his various claims, as well as the overall outcome of the litigation, the Court concludes that Trustee is a partially prevailing party.

### III.

Because Idaho law permits the Court, in its discretion, to determine that a party prevailed in part and award attorney fees accordingly, as it has done

MEMORANDUM OF DECISION - 8

here, the Court must next determine whether Trustee may recover attorney fees and costs under the two statutes upon which he relies. *See* Idaho R. Civ. P. 54(e)(1).

Trustee contends he is entitled to an award of fees as to the quiet title actions under Idaho Code § 6-403, and generally pursuant to Idaho Code § 12-121. Trustee's rights to relief under both statues are examined below.

### A.

"Trustee believes he is entitled to attorneys' fees under Idaho Code § 6-403, since Plaintiff held possession of the property during the pendency of the action and the estate was damaged by the need to fight this lengthy and costly litigation to clear title." Amended Trustee's Motion for Attorneys' Fees at 3 ¶ 4, Docket No. 237. Idaho Code § 6-403 provides:

> In an action for the recovery of real property, where the plaintiff shows a right to recover at the time the action was commenced but it appears that his right has terminated during the pendency of the action, the verdict and judgment must be according to the fact, and the plaintiff may recover damages for withholding the property.

During oral argument Trustee's attorney indicated his belief that this was not the strongest argument for recovery of attorney fees. The Court agrees. A plain reading of the statute leads the Court to conclude this is not a statute designed to allow recovery of litigation costs, but is instead intended to provide

MEMORANDUM OF DECISION - 9

for recovery of damages where real property has been inappropriately withheld from the party entitled to possession during a portion of the pendency of an action. Trustee sought no such relief in this action, and therefore, this statute is of no help to Trustee here.

B.

"An award of attorney fees under Idaho Code § 12-121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003) (citing *Nampa & Meridian Irrigation Dist. v. Washington Fed. Savings*, 20 P.3d 702 (Idaho 2001)). When making such a determination, "the entire course of the litigation must be taken into account. Thus, if there is a legitimate, triable issue of fact, attorney fees may not be awarded under I.C. § 12-121 even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation." *Id.* (internal citations omitted).

In this instance, the Court is not left with the abiding belief that Plaintiffs' claims were frivolous, unreasonable, or without foundation. Although Plaintiffs did not ultimately prevail, there were multiple triable issues of fact presented in this adversary proceeding. Therefore, the Court concludes an award

MEMORANDUM OF DECISION - 10

of fees pursuant to Idaho Code § 12-121 would not be appropriate.

## IV.

Trustee also requests costs. Costs are a procedural matter, taxed under Local Rule 7054.1. *Thomason Farms*, 02.2 I.B.C.R. at 109. In addition to costs sought under Local Rule 7054.1, Trustee seeks costs provided for only by Idaho Code § 12-101 which refers to the Idaho Rules of Civil Procedure.

### A.

Under the Local Rule, "[g]enerally, the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." LBR 7054.1(b). Under this standard, Trustee is the party who generally prevailed. Although not successful as to all the claims he asserted, Trustee was afforded substantial relief on his claims, and on balance, is the party in whose favor the decision was rendered. Trustee successfully asserted and defended the bankruptcy estate's title as to both the Agren and Teton Pastures properties, and he secured permission to sell those parcels free and clear of Plaintiffs' interests. Additionally, Trustee established that the estate held a one-third interest in shares of TFI stock, and that any purported prebankruptcy foreclosure of that interest was void. Thus, the Court concludes Trustee is entitled to an award of costs under LBR 7054.1.

MEMORANDUM OF DECISION - 11

Under the Rule, taxable costs include the clerk's fees and service fees; costs of trial or other transcripts if requested by the Court or prepared pursuant to stipulation; deposition costs; witness fees, mileage and subsistence; costs of reproducing exhibits; costs of maps, diagrams and charts; and other costs with prior court approval. Plaintiffs contend that LBR 7054.1 does not allow for several of Trustee's claimed costs. Plaintiffs argue Trustee is not entitled to $29.00 to serve the Summons and Complaint by certified mail; $131.48 to purchase exhibit binders and dividers; $61.50 in fax charges; and $29.80 for postage. Plaintiffs' Objection at 3, Docket No. 229. These objections are well taken.

Trustee chose to serve the Summons and Complaint by certified mail, even though Fed. R. Bankr. P. 7004(b)(1) and (3) provide for service by first class mail. Plaintiffs have challenged the reasonableness of this action, and Trustee has not explained why he believed it necessary to incur the additional expense and serve the summons and complaint in this manner. The Court concludes the $29.00 incurred to mail the summons and complaint by certified mail has not been shown to be a necessary cost incurred by Trustee.

The Court also disagrees with Trustee's assertion that the costs incurred to purchase exhibit binders is taxable under Local Rule 7054.1(c)(5) as "copies of papers and exhibits." The Rule provides for the cost of obtaining the

MEMORANDUM OF DECISION - 12

exhibits and copying them, not purchasing a binder to hold the exhibits. Trustee's request for $131.48 in costs for binders is not proper under the Local Rules. In addition, the Local Rules do not provide for an award of costs for fax charges and postage.[5] Deducting $251.78[6] from the amounts requested results in a net award of costs to Trustee in the amount of $3,8060.03.[7]

B.

Whether or not the costs incurred by Trustee are recoverable under Local Rule 7054.1, Trustee contends they should be allowed under state law. Under Idaho law, the same prevailing party analysis that is conducted to determine whether a party is entitled to attorney fees is utilized to determine whether a party is entitled to costs. *See* Idaho R. Civ. P. 54(d)(1)(B); (e)(1). The Court concluded above that Trustee prevailed in part and did not prevail in part. "[U]pon so finding [the Court] may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained." Idaho R. Civ. P.

---

[5] The Court acknowledges that because it required binders be provided by parties at trial to assist in presenting multiple documentary exhibits, perhaps this cost should be recoverable. In addition, in this day and age, it seems reasonable that parties be allowed to recover their out-of-pocket expenditures for fax and postage charges. However, whether the Rule should be amended to expand the scope of recoverable costs is a matter best submitted to the Court's Rules Committee for consideration.

[6] $29.00 (service) + $131.48 (exhibit binders) + $61.50 (fax charges) + $29.80 (postage) = $251.78.

[7] $4,057.81-$251.78 = $3,806.03.

MEMORANDUM OF DECISION - 13

54(d)(1)(B).

Idaho Rule of Civil Procedure 54(d)(1)(C)(1)–(10) sets forth the costs that are awarded as a matter of right, any of which may be disallowed following a proper objection that they were not reasonably incurred. In addition, Idaho R. Civ. P. 54(d)(1)(D) allows the Court, in its discretion, to award items not specifically enumerated in the Rule "upon a showing that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." The Court must make express findings as to why a discretionary cost should or should not be allowed. Idaho R. Civ. P. 54(d)(1)(D). It is the requesting party that bears the burden "to make an adequate showing that their costs were necessary and exceptional." *Automobile Club Ins. Co. v. Jackson*, 865 P.2d 965, 972 (Idaho 1993). This is the legal framework in which the Court will review Trustee's costs not awarded pursuant to Local Bankruptcy Rule 7054.1.

Trustee's contends the remaining costs for exhibit binders, faxes and postage, should be awarded as discretionary costs under the state rule. But even assuming state law is applicable here, that law clearly places the burden upon Trustee, as the requesting party, to provide a factual basis for the Court to award these costs. Trustee has made no factual showing that these costs were "necessary and exceptional" nor that justice requires that he recover them from Plaintiffs. On

this record, the Court declines to exercise its discretion and award these costs.

## Conclusion

After careful consideration, the Court concludes that Trustee is not entitled to an award of attorney fees. Although he did partially prevail in the action, Trustee has shown no state law basis to support such an award.

Trustee is entitled to an award of costs from Plaintiffs pursuant to Local Rule 7054.1 in the amount of $3,8060.03.

A separate order will be entered.

Dated: December 7, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 15