# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** <br><br> GREG V. THOMASON and <br> DIANA THOMASON, <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 03-42400-JDP** |
| THOMASON FARMS, INC., et al., <br><br> **Plaintiffs,** <br> vs. <br><br> GREG THOMASON and <br> DIANA THOMASON, husband and wife, et al., <br><br> **Defendants.** | **Adv. Proceeding** <br> **No. 04-6134-JDP** |
| NEW BRITIAN INVESTORS, LLC, <br><br> **Counterclaimant/** <br> **Cross-Claimant,** <br><br> vs. <br><br> THOMASON FARMS, INC., et al., <br><br> **Counter Defendants** <br> **and Cross Defendants.** | |

MEMORANDUM OF DECISION - 1

R. SAM HOPKINS, Trustee,

**Counterclaimant/
Cross-Claimant,**

vs.

THOMASON FARMS, INC., et al.,

**Counter Defendants
and Cross Defendants.**

_____

# MEMORANDUM OF DECISION RE: DEFENDANT FORSBERG'S REQUEST FOR ATTORNEY FEES AND COSTS
_____

**Appearances:**

> Jay A. Kohler, Idaho Falls, Idaho, and John O. Avery, Idaho Falls, Idaho, Attorney for Plaintiffs.
>
> Craig Christensen, Pocatello, Idaho, Attorney for Defendant New Britain Investors, LLC.
>
> Dan C. Dummar, Rexburg, Idaho, Attorney for Defendant William Forsberg.
>
> Monte Gray, Pocatello, Idaho, Attorney for Defendant R. Sam Hopkins.

After the entry of final judgment in this adversary proceeding, Defendant William Forsberg timely filed a motion seeking an award of attorney fees and costs from Plaintiffs, contending he is the prevailing party and entitled to

MEMORANDUM OF DECISION - 2

fees under applicable state law.[1] Docket Nos. 218–20. Plaintiffs object to the fee request arguing there is no statutory basis for an award of fees in this instance. Docket No. 228. A hearing was held on Defendant Forsberg's motion at which the parties appeared and argued their positions. After considering the parties' motions and arguments, the Court concludes there is no basis for an award of attorney fees for Defendant, but that costs may and should be awarded. The following constitutes the Court's findings, conclusions and disposition of the issues raised by the fee request. Fed. R. Bankr. P. 7052; 9014.

## Facts

Mr. Forsberg, an attorney who previously represented Defendants Greg and Diana Thomason in litigation in connection with the Thomason Farms, Inc. Chapter 12 case, retained attorney Dan Dummar to represent him in this adversary proceeding. In this action, Plaintiffs allege Forsberg engaged in fraud and civil racketeering. They also sought to quiet title to two parcels of land in which Mr. Forsberg claimed an interest, the Agren and Farmstead properties. However, by the time the matter came on for trial, the only claim Plaintiff pursued

---

[1] Although the Court requested that fee applications concerning fees arising from "Phase 1" of the trial be filed after the Court's entry of the Memorandum Decision on June 9, 2006, Docket No. 138, pursuant to Local Rule 7054.1, a motion for an award of costs, including attorney fees, is not required until after entry of the final judgment. Considering the unique procedural status of this action, the Court deems the motion timely filed, as it complies with the Local Rules.

MEMORANDUM OF DECISION - 3

was to quiet title to the Farmstead property.[2]

Greg and Diana Thomason gave Forsberg a deed for their undivided one-third interest in the Farmstead property in satisfaction of the amounts owed to Forsberg for representing them in the TFI adversary proceeding. Plaintiffs' contention at trial was that this transfer was ineffective because Greg had previously signed an agreement prohibiting him from transferring the property. After trial, the Court disagreed with Plaintiffs' position, and instead concluded that the conveyance was valid. Thus, Plaintiffs' claims as to the Farmstead Property were rejected, and title was quieted leaving Forsberg's undivided one-third interest undisturbed. *See* Mem. Decision at 53–59, Docket No. 138.

Forsberg asserts he is entitled to an award of attorney fees as the prevailing party in this litigation pursuant to Idaho Code § 12-120 or § 12-121. He requests $31,062.50 in attorney fees and $2,243.36 in costs, for a total award of $33,305.86. Docket No. 218. Attorney Dummar worked a total of 209.72 hours in the course of the representing Forsberg, and the fee request is calculated at $150 per hour. Docket No. 219.

Plaintiffs do not dispute that Forsberg prevailed. Rather, they contend that there is no statutory basis to award the requested fees.

---

[2] While Forsberg also received a transfer of Greg and Diana Thomason's interest in the Agren property, he later deeded that interest to Sam Hopkins, the Thomasons' bankruptcy estate chapter 7 trustee, as part of a settlement agreement.

MEMORANDUM OF DECISION - 4

**Disposition**

Although there is no general right to recover attorney fees from another party in connection with litigation under the Bankruptcy Code, "a prevailing party in a bankruptcy case may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Thomason Farms, Inc. v. Tri-River Chemical Co.* (*In re Thomason Farms, Inc.*), 02.2 I.B.C.R. 107, 108 (Bankr. D. Idaho 2002) (citing *Ford v. Baroff*, 105 F.2d 439, 441 (9th Cir. 1997)).  There is no dispute that Forsberg is the prevailing party, nor that the issues were governed by state law. Forsberg therefore asserts he is entitled to an award of attorney fees and costs pursuant to Idaho Code § 12-120(3) or § 12-121.  The Court will examine both statutory provisions below.

I.

Idaho Code § 12-120(3) provides as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> 
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.  The term "party" is defined to mean any person, partnership, corporation, association,

MEMORANDUM OF DECISION - 5

> private organization, the state of Idaho or political
> subdivision thereof.

Idaho Code § 12-120(3). Forsberg argues that a "commercial transaction" was placed at issue in the adversary proceeding: the validity of the contract between Greg and Diana Thomason and Forsberg to satisfy his fee account via transfer of the Farmstead property. Plaintiffs assert there was no commercial transaction implicated in this action, only a request to quiet title, and therefore no basis under the statute for a fee award.

An award of attorney fees to the prevailing party is mandatory under Idaho Code § 12-120(3), but attorney fees "are not appropriate . . . unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Merrill v. Gibson*, 87 P.3d 949, 954 (Idaho 2004). The *Merrill* case involved a determination of property rights as opposed to the validity or breach of a commercial lease or other contract. *Id.* at 954–55 (holding that Idaho Code § 12-120(3) does not apply to quiet title actions); *Treasure Valley Concrete Inc. v. State of Idaho*, 978 P.2d 233, 237 (Idaho 1999) (holding that Idaho Code § 12-120(3) does not apply to real estate transactions or to issues involving the ownership of property).

The thrust of the claim by Plaintiffs against Forsberg (and others) was to quiet title to the Farmstead property. In resolving that claim, the Court was required to decide which of the parties held legally enforceable interests in this

MEMORANDUM OF DECISION - 6

particular parcel of real property, and the priority and extent of those interests. Forsberg asserted his claim to title by way of the deed from Greg and Diana. Plaintiffs, in contrast, relied upon an agreement they claimed Greg Thomason had previously made with his brothers preventing him from transferring the property, at least not without the other Thomasons' consent. After considering the evidence, the Court concluded the transfer to Forsberg by Greg and Diana was valid. The issue before the Court for decision did not involve the enforceability of the contract between Greg and Diana and Forsberg concerning payment of his fees. Indeed, Plaintiffs never questioned whether such an agreement existed, its terms, nor its binding effect between the parties to the agreement. Instead, Plaintiffs challenged whether the interest allegedly created by that agreement (*i.e.,* Forsberg's interest in the Farmstead property) was enforceable against, or superior to, their interests in that land.

Forsberg has not demonstrated, in this litigation, "a commercial transaction integral to [Plaintiffs'] claim." *Merrill v. Gibson*, 87 P.3d 949, 954 (Idaho 2004). The Idaho courts are clear that Idaho Code § 12-120(3) will not apply to litigation involving real estate transactions. *See Treasure Valley Concrete Inc.*, 978 P.2d at 237. Although Forsberg is the prevailing party, Idaho Code § 12-120(3) will not support an award of attorney fees in this quiet title action.

MEMORANDUM OF DECISION - 7

II.

Forsberg, as the prevailing party, also seeks an award of attorney fees pursuant to Idaho Code § 12-121.  To recover under this provision, "the prevailing party must establish that the opposing party brought, pursued or defended the action 'frivolously, unreasonably or without foundation.'" *Treasure Valley Concrete, Inc.*, 978 P.2d at 237 (citing Idaho R. Civ. P. 54(e)(1); *Minich v. Gem State Dev., Inc.*, 591 P.2d 1078, 1085 (1979)).  Whether to award fees pursuant to Idaho Code § 12-121 is left to the discretion of the trial court.  *Id.*  When making such a determination "the entire course of the litigation must be taken into account.  Thus, if there is a legitimate, triable issue of fact, attorney fees may not be awarded under I.C. § 12-121 even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation." *McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003) (internal citations omitted).

Forsberg argues that several of Plaintiffs' claims against him were without foundation and not dismissed until the eve of trial, apparently contending he is the prevailing party and entitled to an award of fees for time spent in defending against those claims that were not tried.  To determine the prevailing party under state law the Court must, in its discretion, "consider the final judgment or result of the action in relation to the relief sought by the respective parties . . . and the extent to which each party prevailed upon each of such issue or claims."

MEMORANDUM OF DECISION - 8

Idaho R. Civ. P. 54(d)(1)(B). However, and importantly here,

> Mere dismissal of a claim without a trial does not necessarily mean that the party against whom the claim was made is a prevailing party for the purpose of awarding costs and fees. Dismissal of a claim may be but one of the many factors to consider. When the claim was dismissed may be another.

*Sanders v. Lankford*, 1 P.3d 823, 827 (Idaho Ct. App. 2000) (quoting *Chenery v. Agri-Lines Corp.*, 682 P.2d 640, 645 (Idaho Ct. App. 1984)).

Plaintiffs dismissed several claims against the various Defendants prior to trial. But even considering this, on this record, the Court lacks sufficient information to determine, as to those claims, whether the target Defendants can be seen as prevailing parties. Moreover, even if the Court were to conclude Forsberg "prevailed" on the dismissed claims, the Court has been given no information to support a finding that the claims were frivolous, unreasonable or without foundation.

On this record, it is only as to Plaintiffs' quiet title claim against Forsberg that the Court can conclude that Forsberg was the prevailing party. While the Court did not agree with Plaintiffs' interpretation of the agreement between the Thomason brothers, or its effect on the Farmstead property transfer, at bottom, the issues involved a factual dispute the Court was required to settle based upon conflicting evidence. Based upon its analysis of that evidence, the Court is not left with the abiding belief that Plaintiffs' quiet title action against Forsberg was

MEMORANDUM OF DECISION - 9

pursued frivolously, unreasonably or without foundation. Thus, no attorney fees will be awarded pursuant to Idaho Code § 12-121.

### III.

Although there is no state law basis to award Forsberg attorney fees, he is entitled to an award of litigation costs pursuant to L.B.R. 7054.1. Forsberg seeks a total of $2,243.36 in costs. Ex. 1; Docket No. 219. This request includes his costs for transcripts of two depositions and the trial, and a CD of the trial. Because there has been no objection to any of the requested costs, and since these kinds of costs are allowed to the prevailing party by local rule, the Court will award the costs to Forsberg in the amount sought.

### Conclusion

Forsberg has not shown a statutory basis to recover attorney fees, so no attorney fees are awarded. Forsberg is entitled to an award of costs in the amount of $2,243.36, as the prevailing party, pursuant to L.B.R. 7054.1.

A separate order will be entered.

Dated: December 7, 2006

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 10