# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

**In Re**

GREG V. THOMASON and
DIANA THOMASON,

    **Debtors.**

**Case No. 03-42400-JDP**
**Chapter 7**

---

THOMASON FARMS, INC.,
et al.,

    **Plaintiff,**

vs.

GREG THOMASON and
DIANA THOMASON,
husband and wife,

    **Defendants.**

**Adversary Proceeding
No. 04-6134**

---

NEW BRITAIN INVESTORS,
LLC.,

    **Counterclaimant/
    Cross-Claimant,**

vs.

THOMASON FARMS, INC.,
et al.,

    **Counter Defendants
    Cross Defendants.**

---

MEMORANDUM OF DECISION - 1

| | |
|---|---|
| R. SAM HOPKINS, Trustee, | |
| **Counterclaimant/ Cross-Claimant,** | |
| vs. | |
| THOMASON FARMS, INC., et al., | |
| **Counter Defendants and Cross Defendants.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    John O. Avery, Idaho Falls, Idaho, Attorney for Plaintiffs.

    Craig Christensen, Pocatello, Idaho, Attorney for Defendant New Britain Investors, L.L.C.

    Monte Gray, Pocatello, Idaho, Attorney for Defendant R. Sam Hopkins.

    Pursuant to Fed. R. Bankr. P. 8005, Plaintiffs Thomason Farms, Inc., Byron, Marilynn, Nicholas and Sandra Thomason ("Plaintiffs") seek a stay pending appeal. Docket No. 279. Defendants New Britain Investors ("New Britain") and chapter 7 trustee R. Sam Hopkins ("Trustee") oppose the entry of a stay. Docket Nos. 285; 287. On August 1, 2007, the Court conducted a hearing concerning the motion, heard oral arguments of counsel, and took the issues under

MEMORANDUM OF DECISION - 2

advisement. After considering the parties' submissions and arguments, the Court concludes that Plaintiffs have not demonstrated that a stay pending appeal is necessary at this time. This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

*Factual Background*

This adversary proceeding was commenced on June 1, 2004. Docket No. 1. The Court's resolution of the issues raised in this action, embodied in its Memorandum of Decision issued on June 9, 2006, Docket No. 138, and formalized in a Final Judgment entered on October 4, 2006, Docket No. 204, was appealed by Plaintiffs to the Ninth Circuit Bankruptcy Appellate Panel ("Panel"), Docket No. 212, 214. The Memorandum of Decision determined, among numerous other things, that Greg Thomason, and through him, his bankruptcy estate represented by Trustee, owned an undivided one-third interest in the so-called Agren and Teton Pastures properties. Pursuant to § 363(h), the Court held that Trustee could sell the properties free and clear of Plaintiffs' interests as co-owners.

No stay was sought by Plaintiffs for nearly ten months after entry of the Final Judgment. In the interim, as was his duty, Trustee commenced efforts to sell the properties. He hired realtors to market the property, and received one acceptable offer to buy the Agren property. However, Trustee was unable to obtain Court approval for that sale over Plaintiffs' objections. *See* Case No. 03-42400, Docket No. 128.

MEMORANDUM OF DECISION - 3

In June, the parties argued their appeal before the Panel; they await a decision. At this time, Trustee efforts to sell the properties continues, but he has no offers to purchase the Teton Pastures property, and he is doing the due diligence and obtaining the necessary information to again seek Court approval of a sale of the Agren Property. Trustee does not anticipate requesting Court approval of that proposed sale again until some time in September, 2007. In the meantime, Plaintiffs remain in control of the properties, and they have leased them to a third party to farm this season.

While Plaintiffs ask that the Court stay Trustee's efforts to sell the properties pending a decision by the Panel, both Trustee and New Britain argue that Plaintiffs are unable to show that a stay pending appeal is appropriate. In the alternative, New Britain argues that if a stay is granted, Plaintiffs should be required to post a bond to protect it against loss in an amount double what Plaintiffs owe New Britain under the terms of the Final Judgment.

### *Disposition*

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). In order to obtain a stay pending appeal, Plaintiffs must demonstrate: 1) a likelihood of success on the merits; 2) irreparable injury if the stay is denied; 3) no substantial harm will come to Defendants; and 4) that the stay will do no harm to the public interest. *In re*

MEMORANDUM OF DECISION - 4

*Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980).[1] The appellant bears the burden of proving that all of these elements are satisfied in a particular case. *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000)). Failure to establish even one of the elements dooms the motion. *Id.* (quoting *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y 2003)).

The facts offered by Plaintiffs do not demonstrate that they will suffer irreparable injury if a stay is not granted. Plaintiffs assert they are being harmed by Trustee's on-going efforts to sell the Agren and Teton Pastures properties. Plaintiffs argued that once the land is sold, they will lose their interest in what they contend is unique realty. While a court-approved § 363(h) sale would potentially deprive Plaintiffs of their ownership interest in the properties, no such sale is proposed by Trustee at this time. And no sale can occur without Court approval, after reasonable notice to Plaintiffs, coupled with an opportunity for them to object to and be heard about the sale. Without a stay, Plaintiffs will continue to enjoy control of the properties without any significant change of the conditions which have existed for the past ten months since entry of the Final Judgment.

---

[1] At the hearing on Plaintiffs' motion, Trustee's counsel argued that the applicable standard required Plaintiffs to show that entry of a stay pending appeal would somehow promote the public interest. The Ninth Circuit case law does not support this argument.

MEMORANDUM OF DECISION - 5

In short, Plaintiff have failed to show they will suffer irreparable harm if a stay is not issued at this time.[2] Because no irreparable harm is demonstrated, the Court need not address the remaining factors.

### *Conclusion*

Plaintiffs' Motion for Stay Pending Appeal, Docket No. 279, will be denied without prejudice by a separate order.

Dated: August 3, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[2] Of course, Plaintiffs may renew their motion if Trustee proposes an actual sale of the properties. At that time, Plaintiffs should consider what protections they can offer Trustee and New Britain to protect them against loss should they not prevail on their appeal. *See* Fed. R. Bankr. P. 8005 (providing that, in resolving a request for a stay pending appeal, "the bankruptcy judge may suspend or order the continuation of other proceedings in the [bankruptcy] case under the Code, or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."). As a practical matter, since the appeal has been argued, the Court anticipates that the Panel will issue its decision prior to the time any sale proposal comes before the Court.

MEMORANDUM OF DECISION - 6