**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

**In Re**

GREG V. THOMASON and DIANA THOMASON,

**Debtors.**

**Case No. 03-42400-JDP**
**Chapter 7**

THOMASON FARMS, INC., et al.,

**Plaintiff,**

**vs.**

GREG THOMASON and DIANA THOMASON, husband and wife,

**Defendants.**

**Adversary Proceeding No. 04-6134**

**MEMORANDUM OF DECISION**

***Introduction***

On September 11, 2007, Plaintiffs Thomason Farms, Inc., Nicolas A. Thomason, Sandra K. Thomason, Bryon T. Thomason and Marilyn Thomason

("Plaintiffs") filed a Motion for Relief from Judgment or Order and for New Trial. Docket No. 301. They argue they are entitled to relief from the judgment entered in this action relying upon Fed. R. Civ. P. ("Rule") 60(b)(2), (3), and (6), made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024. To support their motion, in part, Plaintiffs rely upon the allegations and claims in a pleading entitled "Affidavit of Plaintiff, Byron T. Thomason, Fraud on the Court, Bankruptcy Fraud, Exhibits & Claims". Docket No. 311. Plaintiffs Byron and Marilyn Thomason, apparently acting independently, and without the aid of their counsel, drafted and filed this pleading with the Court. As might be expected, the contents of this "affidavit" are problematic.

The Court disagrees that Plaintiffs are entitled to relief from the judgment, as discussed below, and the motion will be denied.

***Procedural History of this Action***

This adversary proceeding was commenced on June 1, 2004. Docket No. 1. After a multi-day trial, the Court's resolution of the issues of fact and law raised in this action was embodied in its Memorandum of Decision entered on June 9, 2006. Docket No. 138.[1] A Final Judgment was entered on October 4, 2006.

---

[1] The decision determined, among numerous other things, that Greg Thomason, and through him, his bankruptcy estate represented by R. Sam Hopkins ("Trustee"), owned an undivided one-third interest in the so-called Agren and Teton Pastures real properties. Pursuant to § 363(h), the Court held that Trustee could sell the properties free

Docket No. 204. Plaintiffs appealed that judgment to the Ninth Circuit Bankruptcy Appellate Panel ("Panel"). Docket Nos. 212, 214. On August 7, 2007, the Panel affirmed this Court's decision and judgment. Docket No. 291. No appeal was taken from the Panel's decision. Instead, Plaintiffs filed the Motion for Relief from Judgment or Order and for New Trial at issue here.

***Analysis and Disposition***

A. Rule 60(b) Arguments

As noted above, Plaintiffs' motion is grounded upon Rule 60(b), which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

The substance of Plaintiff's motion is as follows:

> This Motion is made for the reason that Plaintiffs recently discovered new evidence which because of Debtor, Greg Thomason's fraud they could not have reasonably discovered with due diligence, which they

---

and clear of the co-owners' (Plaintiffs') interests.

> did undertake. It appears, as testified to by Marilynn Thomason in Court and denied by Greg Thomason, corporate meetings were, in fact, being recorded and the contents thereof would seem to be determinative of the outcome of a new trial.

Docket No. 301. As near as the Court can understand, Plaintiffs allege that Greg Thomason had "recorded" corporate meetings, something about which Plaintiffs were unaware but have recently discovered, and that the "contents" of the recordings would impact the decisions made by the Court in its resolution of the issues.

Whether relief should be granted under any of the provisions of Rule 60(b) is addressed to the sound discretion of the Court. *In re Kirkendall*, 00.3 I.B.C.R. 125, 125 (Bankr. D. Idaho 2000) (citing *Zimmerman v. First Fidelity Bank (In re Silva)*, 97.4 I.B.C.R. 118, 119 (Bankr. D. Idaho 1997) *aff'd*, 185 F.3d 992 (9th Cir. 1999)). As Plaintiffs are the parties seeking relief under Rule 60(b), they bear the burden of proving justification for such a remedy. *Id*. (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).

A court's treatment of Rule 60(b) is not rigid, but instead requires the court to equitably consider all relevant circumstances surrounding a party's, or its lawyer's, error or omission. *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004) (en banc) *cert. denied.*, 544 U.S. 961 (2005) (noting that the standard

was an equitable one requiring a flexible approach, declining to adopt a strict per se rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 125 (Bankr. D. Idaho 2003). A motion under Rule 60(b) does not bring the entire underlying judgment up for review. *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993).

1. Rule 60(b)(2)

Rule 60(b)(2) provides that a court may relieve a party from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." The courts have interpreted this rule to mean that:

> "[r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'"

*Feature Reality, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987)). Plaintiffs have not met their burden.

The crux of Plaintiffs' argument appears to be that during the course

of certain litigation in state court in which they are involved, a tape recording of a corporate meeting that occurred on May 29, 1999, was located and at least partially transcribed. Plaintiffs contend that the discovery of this tape recording constitutes "newly discovered evidence" in this action within the context of Rule 60(b)(2), because it was not produced by Greg Thomason to them during discovery, and about the existence of which Greg Thomason lied during trial. Problems abound with Plaintiffs' argument.

Plaintiffs have produced neither the tape recording, nor even a complete transcription of its contents. Rather, they have attached an incomplete, uncertified excerpt of a transcription, which was clearly generated for a purpose separate and apart from this litigation. Plaintiffs have submitted no affidavit testimony which describes the circumstances surrounding the discovery of the tape recording or its partial transcription, or its present location. As a result, any conclusions the Court might make concerning the existence of the tape, what more its contents, would be purely speculative.

Furthermore, Plaintiffs have made no showing that they exercised due diligence to discover this "evidence" prior to trial in this action, or that its earlier discovery would have been likely to impact the Court's disposition of the issues in this case. In support of their motion, Plaintiffs submitted the Affidavit of

Nicholas A. Thomason,[2] which states:

> Sonja Thomason, in a lawsuit she filed against TFI [Thomason Farms, Inc.] for the house she resides in, produce [sic] evidence during discovery showing that in fact Greg V. Thomason, as well as Sonja Thomason, had personal knowledge that tapes existed showing that Greg V. Thomason had in his possession for the past ten years tapes he was making of the meetings that he was attending of TFI.
>
> These tapes, vital to the defense of Thomason Farms, Inc. and other Thomasons, had been deliberately withheld from the knowledge and reach of TFI, even though, Greg V. Thomason had been fully deposed, and had three separate demands for discovery served upon him by counsels . . . . At no time had any such tapes and/or transcripts been delivered to TFI, Thomasons or their counsels.

Docket No. 302, ¶¶ 26-27. Nicholas A. Thomason also contends that the existence of these tapes[3] shows that Greg Thomason was not expelled from TFI as he claims, and that he, his counsel, and Sonja's counsel all had knowledge of the

---

[2] As an aside, the Court notes that the Plaintiffs appear to be unclear on the purpose for filing affidavits. Black's Law Dictionary defines an affidavit as a "voluntary declaration of facts written down and sworn to by the declarant . . . ." *Black's Law Dictionary* 62 (8th ed. 2004). By definition, an affidavit is not a proper vehicle for the presentation of argument, speculation or legal conclusions; rather it is only to be used for communicating *facts* which the declarant swears to be true. Plaintiffs' affidavits, in this instance and throughout the pendency of this action, clearly exceed the scope of a proper affidavit, and are replete with allegations, claims and otherwise unsupported argument.

[3] To be clear, at this point, even Plaintiffs acknowledge there is only one tape. Their repeated references to "tapes" in their arguments presumes that if there is one such tape, there must be more. The Court declines to accept this logic.

existence of the tapes made by Greg Thomason. *Id*. at ¶ 32.

Plaintiffs contend that Greg Thomason withheld the tapes during the discovery process in this adversary proceeding. However, Plaintiffs have not given the Court any discovery requests made to Greg Thomason demanding production of this type of information. When questioned by the Court at the motion hearing about Plaintiffs' due diligence in discovering the tapes, their counsel merely stated that he believed it had been requested through interrogatories, but he could supply no more specific reference than that. Without more, the Court declines to conclude that Plaintiffs exercised due diligence to discover this evidence.

Even had Plaintiffs demonstrated they had properly propounded discovery about any tapes of corporate meetings, the Court would be reluctant to speculate that the existence of one such tape is a development that, had it been produced earlier, would have changed the outcome of the action. The Court doubts that to be so. As the Court understands it, the tape in question is a recording of a corporate meeting which took place in May, 1999. As explained in its decision, the critical corporate meetings at issue in this action took place in March, 1997. Memorandum Decision at 11-14, Docket No. 138. It would require a significant leap for the Court to presume, without proof, that the existence of a

single tape recording of a single meeting definitively means that there were likely additional tapes, and specifically, that there were tape recordings of the relevant March, 1997 meetings.

Finally, there is a real question about whether the tape is "newly discovered." It appears that the recording was first produced by Sonja Thomason to the attorney for Thomason Farms, Inc., one of the Plaintiffs bringing the motion at issue here. Docket No. 317, Ex. B., Ans. to Interrogatory No. 4; Docket No. 319. The partial transcript notes the date of the meeting and that it is a "Tape from Greg." *Id*. However, Plaintiff Byron Thomason, in his deposition, stated that he was aware that Plaintiff Nicholas Thomason recorded at least one meeting, and that he not only had listened to one tape some years ago, but that he also had at least one tape in his possession at one time. Docket No. 306. The Court is left to speculate about whether the May 29, 1999, meeting was the only one recorded, and whether the tape recording in question was merely passed around, or if there were additional tape recordings of other meetings. Without further clarifying facts, the Court would be hard pressed to deem this tape "newly discovered" evidence.

In short, Plaintiffs have not carried their burden to show that this single tape is newly discovered evidence within the meaning of Rule 60(b)(2),

that they exercised due diligence in seeking the tape, nor that its earlier discovery would have effected the outcome of the case in any way. Plaintiffs are not entitled to relief pursuant to paragraph (2).

2. Rule 60(b)(3)

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of 'fraud, . . . misrepresentation, or other misconduct of an adverse party.'" *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); Fed. R. Civ. P. 60(b)(3). To prevail, the moving party "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id.*; *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *Jones v. Aero/Chem Corp*, 921 F.2d 875, 878-79 (9th Cir. 1990). At heart, Rule 60(b)(3) "'is aimed at judgments which were unfairly obtained, not those which are factually incorrect.'" *De Saracho*, 206 F.3d at 880 (quoting *In re M/V Peacock,* 809 F.2d 1403, 1405 (9th Cir. 1987)).

Failure to disclose or produce materials requested in discovery can constitute "misconduct" within the purview of this subsection. *Jones,* 921 F.2d at 879. The *Jones* court held that

> "'Misconduct' does not demand proof of nefarious intent or purpose as a prerequisite to redress. . . . The term can cover even accidental omissions – elsewise it would be pleonastic, because 'fraud' and 'misrepresentation' would likely subsume it . . . . Accidents – at least avoidable ones – should not be immune from the reach of the rule."

*Id*. at 923 (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988)).

Finally, Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)). In this case, Plaintiffs contend that Greg Thomason willfully failed to turn over the tapes during discovery, and falsely denied during trial that he had any tapes of corporate meetings. However, the Court has already pointed out above Plaintiffs' failure to establish they properly requested the tape during discovery. But, even upon a proper showing, there is an additional difficulty with this contention: Plaintiffs cannot direct the Court to any reference in the discovery or trial record where Greg Thomason was actually asked whether he either tape-recorded any of the corporate proceedings, or whether had possession of a tape recording of any such meetings.

In this regard, the Court has undertaken an independent review of the entire transcript of the trial. As near as the Court can tell, Greg Thomason was

never asked about tape recordings of meetings. Therefore, Plaintiffs' allegation that fraud occurred during the trial appears lacks support in the record.[4] As a result, Plaintiffs have not demonstrated any misconduct on Greg Thomason's part, and are not entitled to relief under Rule 60(b)(3).

3. Rule 60(b)(6)

Under Rule 60(b)(6), the Court may grant relief from a judgment or order "for any other reason justifying relief from the operation of the judgment." While this appears to be a broad, "catch-all" endorsement in favor of relief, the courts have construed it strictly. In general, Rule 60(b)(6) will aid a party only with regard to errors or actions beyond the party's control. *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr. D. Idaho 2003) (citing *Community Dental Services v. Tani*, 282 F.3d 1164, 1170, n. 12 (9th Cir. 2002)); *see also, In re Anderton*, 00.1 I.B.C.R. 5, 8 (Bankr. D. Idaho 2001) (citing *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996)).

Judgments are not often set aside under Rule 60(b)(6). *In re International Fibercom, Inc.*, ___ F.3d ___, 2007 WL 2610892 *5 (9th Cir. 2007);

[4] When asked to do so by the Court at the hearing, Plaintiffs' counsel was unable to cite to the record to an occasion when Greg Thomason had lied about the existence of tape recordings of corporate meetings. While likely not required to scour the record to locate support for Plaintiffs' arguments, given the gravity of this allegation, the Court undertook the arduous task of reviewing several days of trial testimony. It was a time-consuming and, as it turns out, fruitless undertaking.

*Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Instead, the Rule is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw*, 452 F.3d at 1103 (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005)) (additional citations omitted); *In re Bott*, 03.2 I.B.C.R. at 126. As such, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *In re Bott,* 03.2 I.B.C.R. at 126 (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002)).

The Court has denied relief to Plaintiffs on the grounds of newly discovered evidence and fraud. The Court also can discern no facts which would otherwise justify granting relief from its judgment. In other words, Plaintiffs have not shown any "extraordinary circumstances beyond [their] control" which might entitle them to relief under Rule 60(b)(6).

B. Fraud on the Court

Plaintiffs, using a cover sheet prepared by their attorney, apparently drafted and executed, without review or assistance by counsel, a document they

entitled “Affidavit of Plaintiff, Byron T. Thomason, Fraud on the Court, Bankruptcy Fraud, Exhibits & Claims”. Docket No. 311. As noted above, this document is not an effective affidavit because most of its contents consist of argument, speculation and conjecture. However, the document contains one purported “fact” which could arguably evidence Plaintiffs’ alleged “fraud on the Court” claim. In paragraph 9, the pleading states “I had seen a [sic] affidavit signed by Greg Thomason disproving 10 years of claims he, Diana Thomason and their two most recent counsel as well as this court in it [sic] decisions that he was ‘. . . thrown out of Thomason Farms, Inc. In 1997.’” *Id.*

The filing of this “affidavit” was followed up by Plaintiffs’ submission of another document, also apparently submitted without review by counsel, entitled “Fraud on the Court and Bankruptcy Fraud.” Docket No. 315. This first 20 pages or so of this epistle amounts to a bitter diatribe reconstituting the facts of this action solely as they appear from the viewpoint of the Plaintiffs. Docket No. 315. The second portion of this pleading contains copies of the documents which, in Plaintiffs’ opinion, shows the fraud which has occurred in the Debtors’ bankruptcy case, involving the financing for their home and possible monies received from their church.

While Plaintiffs’ theory remains unclear, and whatever few facts

may be shown by these pleadings, nothing within them comes close to meeting the high standard necessary to prove that a fraud has been committed on the court.

An act of "fraud on the court" may constitute extraordinary circumstances meriting relief under Rule 60(b)(6). *Latshaw*, 452 F.3d at 1103. "'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Gumport v. China Int'l Trust and Inv. Corp. (In re Intermagnetics America, Inc*.), 926 F.2d 912, 916 (9th Cir.1991) (quoting 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.33, at 515 (2d ed.1978)); *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir.1989). "Simply put, not all fraud is fraud on the court. To constitute fraud on the court, the alleged misconduct must 'harm[ ] the integrity of the judicial process.'" *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) (quoting *Alexander*, 882 F.2d at 424). Fraud upon the court is thus "typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Broyhill Furniture Industries, Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085-86

(Fed. Cir. 1993) (quoting *Great Coastal Exp., Inc. v. Int'l Broth. Of Teamsters, Chauffers, Warehousemen and Helpers of America*, 675 F.2d 1349, 1356 (4th Cir. 1982)).

The term "fraud on the court" should not be interpreted liberally, but "should be read narrowly, in the interest of preserving the finality of judgments." *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir.1971). The burden is a high one, and requires the movant to demonstrate that the fraud "involve[s] an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir.1988) (quoting *Toscano*, 441 F.2d at 934) (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir.1960)). In *England*, the court held that failure to produce evidence, without more, does not constitute fraud on the court. 281 F.2d at 310. *See also Broyhill*, 12 F.3d at 1086-87 (Fed. Cir.1993) (no fraud on the court occurred because fraudulent evidence used to obtain patent from patent office was not submitted to court, so court itself was not victim of fraud); *Gleason v. Jandrucko*, 860 F.2d 556, 559-60 (2d Cir.1988) (perjury by a party or witness, by itself, is not generally fraud on the court).

Here, it is readily apparent that Plaintiffs are upset about not prevailing in the various legal contests in which they have engaged in this

bankruptcy case involving their farms, corporations, and internal financial dealings. And while they may wax nostalgic about the wrongs they perceive have been done to them by and through the legal system, at bottom, Plaintiffs have shown no evidence whatsoever to demonstrate they, or the Court, have been victimized by any fraud.

### *Conclusion*

Plaintiffs' motion will be denied by separate order.[5]

Dated: November 26, 2007

UNITED STATES COURTS DISTRICT OF IDAHO

Honorable Jim D. Pappas
United States Bankruptcy Judge

[5] A postscript is needed here. Plaintiffs have shown they lack discretion in the manner in which they allege others are guilty of serious wrongdoing. From their submissions, one might conclude they lack any conscience about the scope and reach of their potentially hurtful, largely baseless, allegations aimed at others. In addition, Plaintiffs' counsel, at least, is guilty of a lack of judgment in enabling his clients, without his prior input and review, to file documents purporting to be affidavits on his letterhead with the Court. Those pleadings were not effective nor persuasive. Instead, in them, the individual Plaintiffs lob scurrilous claims at the parties, the trustee, opposing counsel, and on occasion, the Court. Plaintiffs and their attorney risk imposition of attorney fees, costs and perhaps even more severe sanctions when they take this approach to litigation. The Court admonishes them to refrain from such activities in the future.