# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

___

**In Re**

GREG THOMASON and
DIANA THOMASON,

**Debtors.**

**Bankruptcy Case No. 03-42400**

___

THOMASON FARMS, INC., et al,

**Plaintiffs,**

vs.

GREG V. THOMASON and
DIANA THOMASON,
husband and wife, et al,

**Defendants**

**Adv. Proceeding No. 04-6134**

___

## MEMORANDUM OF DECISION

___

**Appearances:**

Byron and Marilyn Thomason, Rexburg, Idaho, Pro Se Plaintiffs.

W. Brent Eames, Rexburg, Idaho, Attorney for Greg V. Thomason and Diana Thomason.

MEMORANDUM OF DECISION - 1

*Introduction*

On December 14, 2007, Defendants Greg V. Thomason and Diana Thomason ("Defendants") filed a "Petition for Allowance of Attorney Fees".  Docket No. 334[1].  In this pleading, Defendants seek to recover from Plaintiffs $1,775 in attorneys fees they incurred in connection with defending against Plaintiffs' Motion for Relief from Judgment or Order and for New Trial (Docket No. 301).  No objections to the petition were filed.

The Court heard oral argument on the petition at a hearing concerning several pending motions on May 15, 2009, and thereafter took the matter under advisement.  The Court has considered the submissions and oral arguments presented, as well as the applicable law and rules.  This decision disposes of Defendants' petition.  Fed. R. Bankr. P. 7052; 9014.

---

[1] On November 26, 2007, the Court entered its Order Denying [Plaintiffs'] Motion for Relief from Judgment and for New Trial.  Docket No. 326.  Defendants' petition, Docket No. 334, amends Defendants' earlier petition filed on December 10, Docket No. 331.  Therefore, Defendants' fee request was timely filed.  Fed. R. Bankr. P. 7054(d)(2)(B).

MEMORANDUM OF DECISION  - 2

*Analysis and Disposition*

At the hearing concerning Defendants' petition, the Court challenged their counsel to articulate the legal basis for their request for an award of attorneys fees. The Federal Rules of Civil Procedure require a party seeking an award of attorneys fees to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii).

In Defendants' petition, they cite several provisions which purportedly entitle them to an award of attorneys fees. *See* 28 U.S.C. §§ 1920 – 1924; Fed. R. Civ. P. 54(d); Dist. Idaho Loc. Civ. R. 54.2; L.B.R. 7054.1. However, none of those provisions specifically allow for an award of fees; rather, they are mechanical rules for submitting and supporting claims for attorneys fees and costs. *Id*.

During oral argument supporting the petition, however, Defendants' counsel insisted that an award of attorneys fees was appropriate because Plaintiff's motion for relief from judgment was frivolous and unfounded.

This leads the Court to conclude that Defendants actually seek an award of attorneys fees under Idaho law.

Assuming without deciding that they apply in this context, the Idaho Rules of Civil Procedure allow for the recovery of reasonable attorney fees "when provided for by any statute or contract." Idaho R. Civ. P. 54. Under Idaho Code § 12-121, a court has discretion to award attorneys fees in civil actions. However, attorney fee awards under Idaho Code § 12-121 are restricted by Idaho R. Civ. P. 54(e), which provides, in pertinent part:

> Provided, attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation[.]

Idaho R. Civ. P. 54(e)(1).

This Court has had occasion during the course of this adversary proceeding to consider another request for attorney fees in a similar context. It stated:

MEMORANDUM OF DECISION - 4

> An award of attorney fees under Idaho Code § 12-121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation.

Memorandum of Decision re Trustee's Motion for Attorney's Fees and Costs at 10, Docket No. 240 (quoting *McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003) (citing *Nampa & Meridian Irrigation Dist. v. Washington Fed. Savings*, 20 P.3d 702 (Idaho 2001))); *see also* Memorandum of Decision re [Defendant] Forsberg's Request for Attorney's Fees and Costs at 8, Docket No. 242 (noting that, to recover under Idaho Code § 12-121, "the prevailing party must establish that the opposing party brought, pursued or defended the action 'frivolously, unreasonably or without foundation'") (additional citations omitted).

In support of their fee request, Defendants cite to the Court's own language from the written decision in which it denied Plaintiffs' motion to reconsider. The Court stated:

> A postscript is needed here. Plaintiffs have shown they lack discretion in the manner in

MEMORANDUM OF DECISION - 5

> which they allege others are guilty of serious wrongdoing. From their submissions, one might conclude they lack any conscience about the scope and reach of their potentially hurtful, largely baseless, allegations aimed at others. In addition, Plaintiffs' counsel, at least, is guilty of a lack of judgment in enabling his clients, without his prior input and review, to file documents purporting to be affidavits on his letterhead with the Court. Those pleadings were not effective nor persuasive. Instead, in them, the individual Plaintiffs lob scurrilous claims at the parties, the trustee, opposing counsel, and on occasion, the Court. Plaintiffs and their attorney risk imposition of attorney fees, costs and perhaps even more severe sanctions when they take this approach to litigation. The Court admonishes them to refrain from such activities in the future.

Docket No. 325, p. 17 n. 5.[2]

For the reasons previously explained in the above quotation, the Court concludes Plaintiffs' motion was indeed frivolous, unreasonable and prosecuted without any foundation, or as it previously characterized the motion, "largely baseless." Under the circumstances, the requirements for

---

[2] Plaintiffs appealed the Court's decision and order. The Ninth Circuit Bankruptcy Appellate Panel affirmed this Court's decision in all respects. *Thomason v. Thomason*, Nos. ID-09-1000-MoDH, Id-09-1001-MoDH (9th Cir. BAP June 26, 2009).

MEMORANDUM OF DECISION - 6

an award of attorneys fees and costs under Idaho Code § 12-121 and Idaho R. Civ. P. 54(e)(1) are satisfied.

Having established a basis for an award of attorneys fees, the Court must next determine a reasonable amount of fees to be awarded. Defendants seek $1,775. Idaho Rule of Civil Procedure 54(e)(3) provides a nonexhaustive list of factors for the Court to consider when awarding attorneys fees.[3] The Court has considered each of these factors. In

---

[3] Idaho Rule of Civil Procedure 54(e)(3) provides:
Amount of Attorney Fees. In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:
(A) The time and labor required.
(B) The novelty and difficulty of the questions.
(C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
(D) The prevailing charges for like work.
(E) Whether the fee is fixed or contingent.
(F) The time limitations imposed by the client or the circumstances of the case.
(G) The amount involved and the results obtained.
(H) The undesirability of the case.
(I) The nature and length of the professional relationship with the client.
(J) Awards in similar cases.
(K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably

MEMORANDUM OF DECISION - 7

addition, the Court has reviewed the statement of attorneys fees submitted by Defendants' attorney. Docket No. 334, Ex. 1. In light of the foregoing, and in the exercise of its discretion, the Court concludes that $1,775 is indeed a reasonable and appropriate amount to be awarded to Defendants for their attorneys fees incurred in defending against Plaintiffs' baseless motion.

A separate order will be entered granting Defendants' petition for an award of $1,775.00 in attorneys fees as against Plaintiffs.

Dated: July 13, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

necessary in preparing a party's case.
(L) Any other factor which the court deems appropriate in the particular case.

MEMORANDUM OF DECISION - 8